UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE, | COMPLAINT And REQUEST For A TEMPORARY RESTRAINING ORDER |
| Plaintiff, | |
| -against- | |
| Mayor Bill de Blasio Mayor of the City of New York; The City of New York; Governor Kathy Hochul Governor of the State of New York; The State of New York; Vincent Schiraldi Acting Commissioner of the New York City Department of Correction; The New York City Department of Correction; ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision; The New York State Department of Corrections and Community Supervision | JURY TRIAL DEMANDED |

Pro Se Plaintiff Kelly Price, against Defendants De Blasio, Hochul Annucci and Schiraldi alleges upon knowledge with respect to their acts and on information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1. Plaintiff Kelly Price brings this TITLE IX, Equal Opportunity, Ist and XIVth Amendment civil rights action, after having been detained at the Rose M. Singer Center ("ROSIES") run by the New York City Department of Correction ("DOC") on Rikers Island on or about 2011 and having advocated for better conditions for all caged there.

2. Upon information and belief, women, girls, trans, intersex, gender non-conforming and bi sexual people currently housed on Rosie's will be transferred to the Bedford Correctional

Facility ("BHCF"), a maximum security women's prison run by the New York State Department of Corrections and Community Supervision ("DOCCS") beginning the morning of October 18, 2021.[1]

3. Plaintiff Price requests the court issue a temporary restraining order preventing the transfer of people detained at Rosie's to BHCF for the following reasons:

4. New York City Charter ("the Charter,") imbues one body, the New York City Board of Correction ("BOC") with the authority to make decisions governing the care and custody of people detained or imprisoned in New York City Jails:  "The board shall establish minimum standards for the care, custody, correction, treatment, supervision, and discipline of all persons held or confined under the jurisdiction of the department; and it shall promulgate such minimum standards in rules and regulations after giving the mayor and commissioner an opportunity to review and comment on the proposed standards, or amendments or additions to such standards."[2] However, the BOC had no involvement nor was there any BOC rule-making process or DOC Rule change process initiated to properly effectuate this behemoth change in the care, custody and control of people currently detained or imprisoned on Rosie's. But the recent announcement that all persons who reside on Rosie's will be moved to BHCF has not been approved by the BOC:  in fact the entire rule-making process has been thwarted.  Instead, a sudden announcement by defendendents that all female and female-identifying persons on Rosie's has been made and the proper mechanisms for changing the rules under which the care and custody of persons detained and incarcerated by NYC have been ignored.

---

[1] Gothamist; "**Most Women Detainees To Be Moved Off Rikers Island**"; Jake Offenhartz: Oct 13, 2021;  "More than 200 people currently detained in Rikers Island's notorious women's facility will be transferred to state-run prisons in Westchester County, the latest effort aimed at reducing the population at the crisis-ridden jail. Governor Kathy Hochul and Mayor Bill de Blasio announced the joint state-and-city agreement on Wednesday to move "nearly all of women- and trans-identified individuals" off the island beginning next week." linked October 15, 2021;
https://gothamist.com/news/most-women-detainees-be-moved-rikers-island

[2] Charter of the City of New York; Chapter 25, Section 626 (D) (e); linked October 15, 2021; https://nyccharter.readthedocs.io/c25 or
https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCcharter/0-0-0-2217

1

5. Plaintiff Price has standing to bring this action. Paragraph F of Section 626 of the BOC Charter states:

    a. "f. The board shall establish procedures for the hearing of grievances, complaints or requests for assistance (1) **by or on behalf of any person held or confined under the jurisdiction of the department** or (2) by any employee of the department."[3]

6. Plaintiff Price has been held and confined under the jurisdiction of the DOC at the Rose M. Singer Center and Plaintiff has worked since 2014 to attend BOC meetings and hearings; to follow the variance and rule-making process(es); to point-out inequities in the methods and processes of the DOC; to present testimony; to track rule-making and reporting and; to request rule-changes and offer her analysis and opinion about rule making /DOC progress and reporting and has met the requirement to have standing with the Board of Correction and to ensure that the aegis of the agency is not wholesale disregarded and undermined by the unilateral and unlawful actions of defendants.[4]

---

[3] Charter of the City of New York; Chapter 25, Section 626; paragraph f; linked October 15, 2021; https://nyccharter.readthedocs.io/c25.

[4] Testimony of Kelly Grace Price (Close Rosie's) re DOC's Women's Initiatives (March 12, 2019); https://www1.nyc.gov/assets/boc/downloads/pdf/Meetings/2019/March/KGP-Testimony-March-12-2019.pdf

Written Comments of Kelly Grace Price (Jails Action Coalition / Close Rosie's); NYC Board of Correction April 20, 2018; https://www1.nyc.gov/assets/boc/downloads/pdf/Reports/april-20-boc-mtng-testimony-kelly-grace-price.pdf

Kelly Grace Price Written Testimony; NYC Board of Correction; Close Rosie's: June 12, 2018; https://www1.nyc.gov/assets/boc/downloads/pdf/written_testimony_submitted_to_the_nyc_board_of_correction_on_june_12_1.pdf

Written Comments of Kelly Grace Price (Close Rosie's) (Nov 13, 2018); https://www1.nyc.gov/assets/boc/downloads/pdf/close_rosies_november_13_boc_testimony.pdf

Testimony of Kelly Grace Price (Close Rosie's) re Sexual Abuse and Harassment Investigations (October 9, 2018); https://www1.nyc.gov/assets/boc/downloads/pdf/October_8_2018_BOC_Testimony_KGP.pdf

Written Comments of Kelly Grace Price (Close Rosie's) (Jan 8, 2019) https://www1.nyc.gov/assets/boc/downloads/pdf/january_82018_boc_testimony_kpg.pdf

7. Transporting women, girls, trans, intersex and gender-non conforming people to the BHCF, outside of the custody of the DOC, to upstate New York is a violation of the Equal Protection Clause of the Constitution as stated in the Fourteenth Amendment and is a clear Title IX violation.

8. The Federal Civil Rights case Jeldness[5] held that Title IX and its regulations protected detained and incarcerated students in vocational programs. The court found that even though carcarel facilities aren't traditional educational institutions, that they are required to follow Title IX and that "penological necessity" does not always forsake facilities from adherence to Title IX. Title IX is a federal civil rights law that was passed as part of the Education Amendments of 1972 . Title IX applies to institutions that receive federal financial assistance from USED, including state and local educational agencies such as the NYC DOC and virtually every other metropolitan jail system that runs vocational rehabilitation and educational programs which are funded in whole or in part by the USED and run by the local municipal departments of education.

9. Educational programs and activities that receive ED funds must operate in a nondiscriminatory manner: "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to

---

Testimony of Kelly Grace Price (Close Rosie's) re PREA (February 7, 2019);
https://www1.nyc.gov/assets/boc/downloads/pdf/Meetings/2019/February/BOC%20Meeting%20Testimony%20Feb%2012%202019.pdf

Kelly Grace Price (Close Rosie's) Testimony (December 2, 2019)
https://www1.nyc.gov/assets/boc/downloads/pdf/Jail-Regulations/Rulemaking/2017-Restrictive-Housing/KGP-Restrictive-Housing-Rulemaking-Testimony-Dec-2-2019.pdf

Kelly Grace Price: (April 23, 2021 Testimony)

https://www1.nyc.gov/assets/boc/downloads/pdf/Jail-Regulations/Rulemaking/2021-Restrictive-Housing/april-23-2021-kgp-close-rosies-rmas-proposal-testimony.pdf

[5] (Jeldness, 30 F.3d at 1229–1230) linked October 15, 2021; https://casetext.com/case/jeldness-v-pearce

3

discrimination under any education program or activity receiving Federal financial assistance." Later, the NinthCircuit stated in Jeldness "that the provisions of Title IX applied to prison educational and vocational programs, because these programs were federally funded and not explicitly exempt after a class of female prisoners in Oregon brought action alleging discrimination in six educational and vocational training programs in the Oregon penal system: prison industries, a forest camp, a farm annex, apprenticeships, vocational programs, and college courses.

10. Some key issue areas in which recipients have Title IX obligations include: counseling; sex-based harassment; treatment of pregnant and parenting students; discipline; single-sex education; and employment et al.

11. The current plan to to put women/girls in the BHCS some 100 miles north of New York City flies in the face of federal Title IX standards and the Fourteenth Amendment's Equal Protection Clause effectively ensuring that women and girls will be dislocated from their home- borough support systems in NYC: [See Appendix TABLE I "Where do Women on Rosie's Come From?").

12. Over 60% of women detained or incarcerated are the primary caretakers of their children at home under the age of 16. Under the current BHCS transfer scheme here, parents who are students and are women/girls detained in BHCS will suffer higher barriers to accessing their children than their male counterparts who are still housed within the Rikers Island Correctional Institution.

13. Not being in one's own home city will create barriers to accessing support systems, attorneys and witnesses to prepare for defense. A person's ability to secure freedom affects their access to education. Any hindrances to preparing a robust defense to a criminal prosecution are barriers to education -- which women/girls will suffer if we are all shoved into a corner Westchester as we await trial for our alleged crimes-- that men will not have to suffer.

4

14. Physically, women and girls will have to be transported from Westchester to NYC for all court appearances- time that will detract from their opportunity to attend educational and rehabilitative programming.

15. It will be more difficult for families, friends and loved ones to visit women and girls in BHCF then visits men who are in NYC on Rikers and other City Jails such as the Barge in the Bronx or the Edgecombe Correctional Facility. This scheme would further place people in jeopardy of being isolated and vulnerable and more likely to be targets of sexual assault while they are detained then men...Currently the rate of sexual assault reported at BHCF s is already higher than in the other state facilities. Rates of sexual violence at BHCF are skyrocketing and recently another federal complaint has been filed in the SDNY vs virtually every member of the management team at BHCF.[6] Allegations in the complaint clearly state that sexual violence is out of control and increasing despite previous litigation by the Legal Aide Society on behalf of womena and girls at BHCF.

16. Pregnant and new mothers will not have the support of their communities in raising their children if they utilize the jail's nursery program.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a. Issuing a TRO Temporary Restraining Order prohibiting the transfer of female and female-identifying persons currently held at Rosie's or anywhere in our CIty Jails to be transferred to BHCF prior to being convicted and sentenced for their alleged crimes. For the above-stated reasons Plaintiff asks the court to intervene

---

[6] JANE SMITH, MARY DOE, Plaintiffs, -against- ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision, et al: Southern District of New York: 5/21/21: 1:21-CV-01715-RA-OTW [rel. 1:17-CV-07954-RA-OTW].

5

    and to issue a temporary restraining order prohibiting the currently planned transfer from Rosie's to BHCF proposed by NYC's mayor and Governor Kathy Hockul that conflicts with Title IX, the XIVth Amendment and that virtually guarantees discriminatory treatment of all female and female-identifying detained and incarcerated individuals currently caged on Rosie's by the NYC DOC.

b. Awarding Plaintiff punitive damages in an amount to be determined at trial which is sufficient to deter Defendants from future unlawful conduct;

c. Awarding Plaintiff costs, disbursements and reasonable attorneys' fees; and

d. Granting Plaintiffs such other and further relief as the Court deems just and proper.

October 15, 2021

Kelly Price,
/s/ Kelly Price, Pro Se litigant
[Signed as per the 2000 Federal Electronic Signature Act]
534 w 187th st apt #7
New York, NY 10033
(646) 932.2625
gorgeous212@gmail.com