UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

                              Plaintiff,

               -against-                                      21-CV-8540 (LTS)

MAYOR BILL de BLASIO, et al.,                                ORDER

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se,* has filed a complaint with a request for a temporary restraining order (TRO). To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).[1] "

Plaintiff, who is not incarcerated, appears to bring this action on behalf of inmates who are currently detained in the Rose M. Singer Center (RMSC) on Rikers Island. She alleges that

---

[1] "The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure are identical." *See Tang Capital Partners, LP v. Cell Therapeutics, Inc.*, 591 F. Supp. 2d 566, 669-670 (S.D.N.Y. 2008) (citing *Spencer Trask Software & Info. Servs. v. Rpost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002)).

commencing on October 18, 2021, New York state and city officials will transfer "women, girls, trans, intersex, gender-nonconforming and bi[ ]sexual people," currently housed at the RMSC, to Bedford Correctional Facility. (ECF 1, at 1.) As a *pro se* litigant, however, Plaintiff may not represent any party other than herself. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney ' may not appear on another person's behalf in the other's cause' ") (citations omitted). In addition, Plaintiff does not allege any facts suggesting that she has standing to bring this action. Under Article III's standing requirement, a party must show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (citation omitted). As Plaintiff will not be transferred from the RMSC to Bedford Correctional Facility, she cannot show any injury arising from Defendants' conduct. Accordingly, Plaintiff's request for a temporary restraining order is denied.

## CONCLUSION

Plaintiff's request for a temporary restraining order is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). Plaintiff consents to electronic service.

SO ORDERED.

Dated:    October 20, 2021
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

2