UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE,<br><br>                              Plaintiff,<br><br>-against-<br><br>MAYOR BILL de BLASIO, MAYOR OF THE CITY OF NEW YORK; THE CITY OF NEW YORK; GOVERNOR KATHY HOCHUL, GOVERNOR OF THE STATE OF NEW YORK; THE STATE OF NEW YORK; VINCENT SCHIRALDI, ACTING COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTION; THE NEW YORK CITY DEPARTMENT OF CORRECTION; ANTHONY J. ANNUCCI, ACTING COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,<br><br>                              Defendants. | 21-CV-8540 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is not incarcerated, brings this *pro se* action on behalf of inmates who are currently detained in the Rose M. Singer Center (RMSC) on Rikers Island. She alleges that commencing on October 18, 2021, New York State and City officials will transfer "women, girls, trans, intersex, gender-nonconforming and bi[]sexual people," currently housed at the RMSC, to Bedford Correctional Facility (Bedford). (ECF 1, ¶ 1.) She seeks to stop the transfer, as well as money damages. Plaintiff brings this action under Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §§ 1681-1688, and the First and Fourteenth Amendments to the Constitution. By order dated October 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who identifies herself as an advocate "for better conditions for all caged" in the RMSC, asserts that she has learned that, beginning on October 18, 2021, New York State and City officials will transfer "women, girls, trans, intersex, gender-nonconforming and bi[]sexual people," currently housed at the RMSC, to Bedford Correctional Facility in Westchester County. (ECF 1, ¶ 1.) She contends that the transfer of women and female-identifying persons from RMSC to Bedford is a clear violation of the Equal Protection Clause of the Fourteenth Amendment and Title IX, because they are being treated differently from male detainees who will remain on Rikers Island. Plaintiff asserts that the transfer would cause harm to the detainees, including the following: "effectively ensure[] that women and girls will be dislocated from their home-borough support systems in NYC"; unfairly impacting a large percentage of the women, who are primary caretakers of minor children, by creating "higher barriers to [them] accessing their children than their male counterparts who are still housed" at Rikers; and hindering the detainees' efforts to defend the criminal charges against them by limiting their access to attorneys and witnesses. (*Id.* ¶¶ 11-13.) Plaintiff further claims that the transfer to Bedford will make it more difficult for families and friends to visit, placing the detainees "in jeopardy of being isolated and vulnerable and more likely to be targets of sexual assault while they are detained then [sic] men." (*Id.* ¶ 15.) She also argues that because the distance between Westchester County and New York City is longer, the transportation of detainees to court appearances will take "time that will detract from their opportunity to attend educational and rehabilitative programming." (*Id.* ¶ 14.)

As well as her contentions that the transfer would violate the RMSC detainees' rights, Plaintiff also contends that neither New York State or City has the authority to "effectuate this behemoth change in the care, custody[,] and control of people currently detained" in the RMSC because the New York City Charter provides such authority only to the New York City Board of Correction (BOC). She argues that because BOC has not authorized the proposed changes and has no involvement in the matter, the transfer scheme is thwarting the proper mechanisms for changing the rules under the Charter.

Plaintiff submitted this complaint with a request for a temporary restraining order (TRO) to enjoin the transfer. On October 20, 2021, the Court denied the request for a TRO because as a *pro se* litigant, Plaintiff may not represent any party other than herself. The Court also noted that Plaintiff does not allege any facts suggesting that she has standing to bring this action. In response, on October 21, 2021, Plaintiff submitted a motion for reconsideration, in which she contends that, as the founder and chief officer of www.CloseRosies.org – an advocacy group – she has "organizational standing" to bring claims on behalf of the RMSC detainees. (ECF 7, at 1.) She also argues that under the First Amendment and the New York City Charter she has the right to "redress [her] government for grievances." (*Id*. at 2.) Plaintiff again requests that the Court issue a TRO to stop the transfer of the RMSC detainees to Bedford.

## DISCUSSION

In federal court, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and "an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *see also Iannaccone v.*

4

*Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). A party proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558 (citation omitted).

Plaintiff, who is proceeding *pro se* and is not a licensed attorney, may not bring claims on behalf of the RMSC detainees. Her position as the founder and chief officer of CloseRosies.org, does not change this analysis. Even if the Court were to assume that CloseRosies.org had standing to assert claims on behalf of the RMSC detainees, Plaintiff, as a nonattorney, could not bring such claims on behalf of the organization. A *pro se* plaintiff cannot represent in federal court an artificial entity such as the organization Plaintiff describes. *See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). CloseRosies.org would need counsel to bring claims on behalf of the RMSC detainees.

Because Plaintiff is not a licensed attorney, she cannot proceed on behalf of the RMSC detainees or as a representative of CloseRosies.org. As this action may not proceed without counsel, the Court dismisses it without prejudice. The Court also denies Plaintiff's motion for reconsideration and renewed request for a TRO.

## CONCLUSION

This action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice. Plaintiff's motion for reconsideration is denied and all other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service. (ECF 2.).

SO ORDERED.

Dated:   October 26, 2021
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge